IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JACQUELINE SMITH, | |
| Plaintiff, | |
| v. | Case No.: _____ |
| WAL-MART STORES EAST, LP d/b/a WAL-MART SUPERCENTER #1009 | |
| Defendant. | |

## NOTICE OF REMOVAL

Wal-Mart Stores East, LP ("Walmart" or "Defendant"), by and through its counsel, Kutak Rock LLP, for its Notice of Removal of this action from the Circuit Court of Greene County, Missouri, to the United States District Court for the Western District of Missouri, Southern Division, states:

1. The removed action is currently pending in the Circuit Court of Greene County, Missouri, Case Number 2031-CC01039, styled *Jacqueline Smith v. Wal-Mart Stores East, LP d/b/a Wal-Mart Supercenter #1009* (herein the "Removed Action").

2. Plaintiff filed her Petition for Damages on August 27, 2020, which purports to state claims for discriminatory treatment and retaliation based upon Plaintiff's gender in violation of the Missouri Human Rights Act ("MHRA") RSMo. § 213.010, et seq.

3. Plaintiff served the Petition for Damages on Walmart on September 18, 2020. Accordingly, this notice of removal is timely filed. 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

1

4839-5827-9372.2

Case 6:20-cv-03324-SRB   Document 1   Filed 10/16/20   Page 1 of 7

## GROUNDS FOR DIVERSITY JURISDICTION

4. In removal actions, the district court reviews the petition pending at the time of removal to determine whether the court has jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938); *Logan v. Value City Dept. Stores, LLC*, 2008 WL 1914168 (Apr. 28, 2008). If the petition is unclear as to the district court's jurisdiction, the court may additionally look to the notice of removal. *Id.*

5. This Court has subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and is between citizens of different states. 28 U.S.C. § 1332. Accordingly, this action may be removed to this Court. 28 U.S.C. § 1441(b).

### The Parties are Completely Diverse

6. Plaintiff is a resident and citizen of the State of Missouri. (See Petition at ¶ 1); 28 U.S.C. § 1332.

7. Defendant Walmart Stores East, LP is and was at the time the Petition was filed and the case removed to this Court, a limited partnership organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas. Defendant is a Delaware limited partnership of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Walmart Stores East, LLC (f/k/a Walmart Stores East, Inc.), an Arkansas limited liability company whose parent company is Walmart Inc., a corporation organized and existing under the laws of the State of Delaware. The principal place of business of each of the foregoing entities is Bentonville, Arkansas. Accordingly, Walmart Stores East, LP is a citizen of Delaware and Arkansas for the purposes of diversity jurisdiction.

## The Amount in Controversy is Satisfied

8. Although Plaintiff has not plead a specific amount of damages, the amount in controversy of Plaintiff's claims exceeds $75,000.00, exclusive of interest and costs.[1] 28 U.S.C. § 1332.

9. When a plaintiff fails to plead a specific amount of damages, the removing party must show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003). To satisfy this burden, the removing party must present specific facts or evidence demonstrating that the jurisdictional amount has been met. *Hill v. Ford Motor Co.*, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004).

10. The relevant consideration in determining whether the amount in controversy requirement has been satisfied is not whether the verdict will ultimately exceed $75,000.00, but "whether the fact finder *might* legally conclude" that a plaintiff's damages are greater than $75,000.00. *Quinn v. Kimble*, 228 F.Supp.2d 1038 (E.D. Mo. 2002) (emphasis added); *Riffert v. Walgreen Co.*, 2008 WL 495643, at *2 (E.D. Mo. Feb. 20, 2008) (citing *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)).

11. The Court may consider compensatory damages, punitive damages, and attorneys' fees when determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *Crawford v. F. Hoffman-La Rock Ltd.*, 267 F.3d 760, 766 (8th Cir. 2001).

---

[1] Defendant's argument that the amount in controversy exceeds $75,000.00 is for the purpose of this Notice of Removal only. Walmart does not admit, and herby specifically denies, all factual allegations in Plaintiff's Petition and denies that Plaintiff is entitled to any of the requested relief.

3

4839-5827-9372.2

12. In her Petition, Plaintiff claims that she seeks damages "in excess of $25,000.00." (See Petition at ¶ 5). She further claims that she is entitled to an award of back pay, front pay, lost benefits, "mental and emotional anguished defined as 'garden variety' by Missouri law," punitive damages, and attorneys' fees. (See Petition at ¶¶ 23-25, 29-31, WHEREFORE paragraphs).

13. Under the MHRA, employees may seek damages relating to lost income, including back pay and front pay, emotional distress damages, punitive damages, and attorneys' fees. RSMo. § 213.111.

14. Plaintiff has made a claim for lost income. Under the MHRA, a back pay award is calculated from the date the employee is terminated until the date of judgment or reinstatement. RSMo. § 213.111; *Clark v. Matthews Intern. Corp.*, 639 F.3d 391 (8th Cir. 2011). As Plaintiff makes no request for reinstatement in her Petition, any back pay awarded must be calculated from the date of termination to the date of judgment.

15. Plaintiff was employed by Walmart from June 23, 2017 until December 6, 2019. At the time of her termination, Plaintiff worked an average of 40 hours per week at $11.73 per hour. Assuming a trial date in late 2021, Plaintiff's back pay award will be valued at approximately $49,000.00—nearly two-thirds of the required amount in controversy.

16. Moreover, a two-year front pay award would additionally be valued at approximately $49,000.00.

17. Plaintiff has additionally claimed emotional distress, punitive damages, and attorneys' fees under the MHRA. RSMo. § 213.111. When a plaintiff has failed to specify an amount for these claims, district courts within Missouri frequently consider recent jury verdicts as evidence in determining whether the amount in controversy exceeds $75,000.00. *See Jarrett v. Henkel Corp.*, 2016 WL 407301 (W.D. Mo. Feb. 2, 2016); *Logan v. Value City Dept. Stores, LLC*,

2008 WL 1914168 (E.D. Mo. Apr. 28, 2008). Recent jury verdicts received by plaintiffs for claims under the MHRA have exceeded $75,000.00:

    a. *Baldridge v. Kansas City Public School*, 2016 WL 5812558 (Cir. Ct. Jackson Cty, Mo., 2016) (awarding plaintiff $230,000.00 in compensatory damages and $576,075.00 in punitive damages for claims of disability discrimination under the MHRA);

    b. *Broyles v. J.B. Hunt Transport, Inc.*, 2014 WL 11192325 (Cir. Ct. Clay Cty, Mo., 2014) (awarding plaintiff $45,058.00 in compensatory damages and $1,000,000.00 in punitive damages for claims of disability discrimination under the MHRA);

    c. *Kisner v. Missouri Dep't of Mental Health*, 2010 WL 6775529 (Cir. Ct. Jackson Cty., Mo., 2010) (awarding plaintiff $20,000.00 in compensatory damages, $400,000.00 in punitive damages, and $188,173.02 in attorneys' fees on claims of sexual harassment under the MHRA); and

    d. *McClurg v. Missouri Highway and Transp. Comm.*, 2014 WL 8879647 (Cir. Ct. Buchanan Cty., Mo., 2014) (awarding plaintiff $350,000.00 in compensatory damages, $500,000.00 in punitive damages, and $266.182.00 in attorneys' fees for claims of discrimination under the MHRA).

18. Thus, even taking into account the $500,000.00 statutory cap on compensatory and punitive damages under the MHRA, a factfinder could award Plaintiff compensatory and punitive damages in excess of $75,000.00.

19. Moreover, based on the above, a fact finder could award Plaintiff attorneys' fees in excess of $75,000.00.

20. In her Petition, Plaintiff requests relief for lost income and wages, emotional distress damages, punitive damages, and attorneys' fees resulting from her employment with Defendant. Based on the above evidence, this case clearly involves an amount in controversy in excess of $75,000.00.

## CONCLUSION

21. Defendant has properly removed this case to federal court pursuant to 28 U.S.C. § 1441 because all of the parties are diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

22. Removal is appropriate in this Court because the United States District Court for the Western District of Missouri embraces the Circuit Court of Greene County, Missouri, where Plaintiff's action is pending. 28 U.S.C. §§ 1441(a), 1446(a).

23. Attached to this Notice of Removal is "Exhibit A," which includes a copy of all state-court process, pleadings, and orders that have been filed in the removed action in accordance with 28 U.S.C. §1446(a).

24. A copy of this Notice of Removal is being filed concurrently in the removed action in the Circuit Court of Greene County, Missouri. 28 U.S.C. § 1446(d).

WHEREFORE, Defendant hereby gives its Notice of Removal of the removed action to this Court and respectfully requests that this Court grant the Defendant all just and proper relief.

Dated: October 16, 2020.

                Respectfully Submitted,

                Kutak Rock LLP

                By: /s/Amanda D. Cochran
                     Amanda D. Cochran (54916)
                     300 S. John Q. Hammons Pkwy., Suite 800
                     Springfield, Missouri 65806
                     Phone: 417-720-1410
                     Fax:   417-720-1411
                     amanda.cochran@kutakrock.com

                ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using CM/ECF system, which will send notification of such filing to the following:

Timothy A. Ricker
Benjamin A. Stringer
3575 East Ridgeview
Springfield, MO 65804
tricker@hallansley.com
bstringer@hallansley.com

/s/ Amanda Cochran
Attorney for Defendant